No. 155

### STATE ex v. SHARPLE VILLAGE

(Bd. of Ed.)

Ohio Appeals, 6th Dist., Lucas Co.

No. 1595. Decided Dec. 7, 1925

1065. SCHOOLS AND SCHOOL DISTRICTS—Where a school district transfers territory to another subsequent to a sale of bonds for the erection of a school building in the district of the transferor, proceeds of sale of bonds are not subject to a division as part of funds of said district.

YOUNG, J.

This action grew out of an attempt to transfer certain school territory and property from the Sharples Village School District to the Swarton Village School District. Previous to said transfer, the Sharples District voted a bond issue in the amount of $12,000 for the purpose of constructing a school building in said territory which bonds were sold and the full amount realized thereon.

Subsequent to said transfer the Fulton County Board of education passed a resolution attempting to make an equitable division of the funds and indebtedness between the two districts in accordance with the provisions of 4696 GC. By virtue of said resolution the board of education of the Swanton District made demand upon the Sharples board of education for a proportionate percentage of the proceeds from the sale of the bond issue, and upon refusal filed a writ of mandamus in the Lucas Common Pleas which issued an alternative writ and temporary injunction restraining the use of proceeds of said sale of bonds. Action now before court is the original mandamus proceedings.

The Sharple Board of Education contended that there was no legal authority for the division of the amount of the proceeds from the sale of said bonds and that there was not an equitable apportionment of the entire funds and indebtedness; and asked for a construction of the statutes upon the subject. The Court of Appeals held:

1. Resident electors of a district Board of Education may by a majority vote to transfer the territory; and the Board make such transfer on a petition signed by 75% of the electors.

2. Upon acceptance of such transfer by the district, the county board of education shall make an equitable division of the funds and indebtedness between the districts involved.

3. If the attempt to divide the proceeds from the sale of bonds were successful, in which case the funds would be insufficient to build a school house, then the very object of the purpose sought would be defeated.

4. When a bond issue is voted however, for a specific purpose, the proceeds of such bonds shall be left in a separate fund and used for no other purpose and are not subject to such equitable division as asked for.

Writ denied.

Attorneys—Davis B. Johnson, Wauseon, and R. F. Buckemeyer, Toledo, for State ex.; Harry Commager and Tyler, McMahon & Smith, Toledo, for Bd. of Ed.